# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

October 30, 2026

## LETTER ORDER

Re: *Drive New Jersey Insurance Company v. Robinson's Transport LLC*
Civil Action No. 25-15642 (JXN)(CF)

Dear Parties:

Before the Court is Plaintiff Drive New Jersey Insurance Company's ("Plaintiff") Motion for default judgment pursuant to Federal Rule of Civil Procedure[1] 55(b). (ECF No. 11.) For the reasons stated below, the motion is **DENIED** without prejudice to Plaintiff's ability to refile.

Rule 55 authorizes the Court to enter default judgment against a party who has failed to timely file a responsive pleading. Fed. R. Civ. P. 55(b)(2). Prior to entering default judgment against a non-responding party, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Liberty Mut. Ins. Co. v. A & E Solheim, LLC*, No. 24-969, 2026 WL 1179812, at *1 (D.N.J. Apr. 30, 2026) (citation omitted).

Because federal courts "are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of showing it exists "at all stages of the litigation." *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted).

Plaintiff asserts the Court has jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between citizens of different states where the amount in controversy exceeds $75,000. (*See* Compl. ¶ 4, ECF No. 1.)

Under § 1332(a), no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The rules for citizenship are "well established." *Id.* A person is a citizen of the state where they are domiciled. *Id.* A corporation is a citizen "both of the state where it is incorporated and of the state where it has its principal place of

[1] "Rule" or "Rules."

business." *Id.* And "the citizenship of an LLC is determined by the citizenship of its members." *Id.* at 420.

Plaintiff alleges it is an Ohio corporation principally doing business in Ohio. (*See* Compl. ¶ 1.) This is enough for the Court to conclude Plaintiff is an Ohio citizen. *Zambelli Fireworks*, 592 F.3d at 419. But Plaintiff claims Defendant Robinson's Transport, LLC ("Defendant") "is a limited liability company organized under the laws of and having its principal place of business in the State of New Jersey." (Compl. ¶ 2.) This is not enough for Plaintiff to meet its burden of alleging Defendant's citizenship. Neither an LLC's principal place of business, nor the law under which it was formed is "relevant to the inquiry regarding the LLC's citizenship." *A & E Solheim*, 2026 WL 1179812, at *2 (citing *Zambelli Fireworks*, 592 F.3d at 420). Rather, an LLC's citizenship "is determined by the citizenship of its members." *Zambelli Fireworks*, 592 F.3d at 420. Plaintiff has not identified Defendant's members, nor alleged their citizenship. Without more, the Court cannot determine that the parties are diverse. Further, Rule 7.1(a)(2) requires that, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement." Plaintiff did not complete the required diversity disclosure statement.

Accordingly, **IT IS** on this **30th** day of October 2026

**ORDERED** that:

1. Plaintiff's motion for default judgment (ECF No. 11) is **DENIED** without prejudice to its ability to refile;

2. Plaintiff shall have thirty (30) days from the date of this Order to amend its pleadings to adequately allege that this Court has subject matter jurisdiction;

3. Should Plaintiff fail to timely amend its pleadings, the Court will order the Clerk of Court to close this case.

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge